NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JEAN K., *Appellant*,

*v.*

JEREMY M., J.K., *Appellees*.

No. 1 CA-JV 15-0135
FILED 8-11-2015

Appeal from the Superior Court in Maricopa County
No. JS517359
The Honorable Rodrick J. Coffey, Judge

**REVERSED AND REMANDED**

COUNSEL

Vierling Law Offices, Phoenix
By Thomas A. Vierling
*Counsel for Appellant*

Law Office of Anne M. Williams, P.C., Mesa
By Anne M. Williams
*Counsel for Appellees*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Andrew W. Gould joined.

---

**N O R R I S**, Judge:

¶1        This appeal arises out of an order entered by the juvenile court terminating the parental rights of appellant, Jean K., to her minor child.  On appeal, Jean argues the juvenile court's finding that the Indian Child Welfare Act ("ICWA") was inapplicable was "clearly erroneous." The child's father, appellee Jeremy M., "concedes error" regarding ICWA, a concession we accept.

¶2        ICWA applies to any "child custody proceeding," 25 U.S.C. § 1903(1) (2012), which includes a proceeding to terminate parental rights, 25 U.S.C. 1903(1)(ii), and which involves an "Indian child." ICWA defines an "Indian child" as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe."  25 U.S.C. § 1903(4).

¶3        At the termination hearing, Jeremy testified he is a member of the Navajo Nation.  Further, before the hearing, Jeremy submitted a letter from the Navajo Nation's Division of Social Services, which verified child is an enrolled member of the Navajo Nation.  Accordingly, because this termination proceeding constituted a child custody proceeding involving an Indian child, ICWA applied.  Indeed, even though the record contains no evidence Jean was a member of an Indian tribe, ICWA defines "parent" to include "any biological parent" of an Indian child. 25 U.S.C. § 1903(9).

¶4        Finally, ICWA was applicable even though Jean had not visited child since 2011; Jean had parented child for approximately four years after her birth, and the record contains no evidence Jean had attempted to relinquish her parental rights.  *Cf. Adoptive Couple v. Baby Girl*, ___U.S. ___, 133 S. Ct. 2552, 186 L. Ed. 2d 729 (2013) (ICWA inapplicable when Indian child's biological father, a registered member of an Indian tribe, never had custody of child); *In re Adoption of T.A.W.*, No. 47364-0-II, 2015 WL 4093335 (Wash. App. July 7, 2015) (ICWA applicable

to proceeding to terminate Indian child's non-Indian biological father's parental rights when father had both legal and physical custody of child for a period of time and record contains no evidence he ever wanted or was willing to terminate his parental rights to child).

**CONCLUSION**

**¶5** As Jean argues and Jeremy concedes, ICWA was applicable here. We reverse the juvenile court's order terminating Jean's parental rights to child and remand for further proceedings consistent with this order. We express no opinion on Jean's other arguments on appeal.



Ruth A. Willingham · Clerk of the Court
FILED: RT